IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PLATFORM-A INC.                    :        CIVIL ACTION
                                   :
         v.                        :
                                   :
UNIQUE VACATIONS, INC.             :        NO. 09-614

MEMORANDUM

Bartle, C.J.                                      December 16, 2009

Before the court is the motion of plaintiff, Platform-A, Inc. ("Platform A") to dismiss the amended counterclaims of defendant, Unique Vacations, Inc. ("Unique Vacations"), for failure to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). We have diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

On August 18, 2009, Platform-A brought this diversity action against Unique Vacations for breach of contract. Platform-A was hired by Unique Vacations to provide internet advertising services, including search engine management.[1]

---

1. This type of search engine marketing involves the placement of advertisements adjacent to the search results on search engine websites. These advertisements are triggered when a searcher enters certain "keywords" which relate to the content of the advertisement. Keyword advertisers purchase keywords from search engine companies, for example, Google or Yahoo!, in an auction-style bidding process in which the highest bidder is awarded an opportunity to buy specific keywords. Because the success of a search engine marketing campaign is driven in large part by strategic keyword selection, keyword performance is often monitored so that keywords which do not lead to actual purchases can be discarded to avoid the cost of unfruitful clicks. (Am.
(continued...)

According to Platform-A, Unique Vacations failed to pay fees due to Platform-A pursuant to a number of contractual agreements between the parties.  Unique Vacations filed an answer and counterclaims on September 28, 2009, and an amended answer and counterclaims ("Amended Counterclaims") on October 19, 2009.  In its Amended Counterclaims, Unique Vacations alleges that Platform-A did not perform certain search engine management services as promised.  The Amended Counterclaims contain four counts:  (1) fraudulent inducement; (2) negligent misrepresentation; (3) breach of contract; and (4) breach of the implied covenant of good faith and fair dealing.

I.

Faced with a motion to dismiss pursuant to Rule 12(b)(6), we must determine whether the pleading at issue "contain[s] sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).[2]  A claim must do more than raise a "'mere possibility of misconduct.'" Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)

---

1.(...continued)
Counterclaims ¶¶ 5-13.)

2. For the purposes of deciding this motion to dismiss, we accept as true all factual allegations set forth in the Amended Counterclaims, considering any exhibits attached thereto and matters of public record, and we draw all reasonable inferences in favor of Unique Vacations. See Beverly Enters., Inc. v. Trump, 182 F.3d 183, 190 n.3 (3d Cir. 1999); Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008).

(quoting Iqbal, 129 S. Ct. at 1950).  Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 129 S. Ct. at 1949.

The standard for pleading fraud is even more stringent, as the claimant must "state with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b).  Malice, intent, knowledge, and other conditions of the mind may be pleaded generally.  Id.  The purpose of this heightened standard is "to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior."  Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786, 791 (3d Cir. 1984).  A litigant can satisfy the requirements of Rule 9(b) by "pleading the date, place or time of the fraud, or through alternative means of injecting precision and some measure of substantiation into their allegations of fraud."  Lum v. Bank of America, 361 F.3d 217, 224 (3d Cir. 2004) (internal quotation marks omitted).

The parties have agreed that their contracts would be "governed by and construed in accordance with the laws of the State of Delaware, without giving effect to principles of conflicts law."  Thus, we apply Delaware substantive law in deciding whether Unique Vacations has sufficiently pleaded its claims of breach of contract and breach of the duty of good faith and fair dealing.

In Count III Unique Vacations claims breach of contract and in Count IV it claims breach of the duty of good faith and fair dealing.  In the Amended Counterclaims, Unique Vacations describes Platform-A's actual or implied contractual obligations, identifies alleged breaches of those obligations, and sets forth the damages which they claim are the result.  See Goodrich v. E.F. Hutton Group, Inc., 542 A.2d 1200, 1203-04 (Del. Ch. 1988); Kuroda v. SPJS Holdings, L.L.C., 971 A.2d 872, 888 (Del. Ch. 2009).  At this early stage of litigation, such factual allegations are sufficient to demonstrate that these claims are "facially plausible."  Iqbal, 129 S. Ct. at 1949.  Consequently, we will deny Platform-A's motion to dismiss with regard to Counts III and IV.

Unique Vacations has also pleaded counterclaims for fraudulent inducement (Count I) and negligent misrepresentation (Count II).  With respect to those claims, the parties disagree as to what state law applies.  We need not decide this issue now because, regardless of what law applies, Unique Vacations has not met the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure.  To meet the requirements of Rule 9(b), a party making a claim of fraud "must accompany their legal theory with factual allegations that make their theoretically viable claim plausible."  Ad Hoc Comm. of Equity Holders of Tectonic Network, Inc. v. Wolford, 554 F. Supp. 2d 538, 562 (D. Del. 2008).  Under this heightened standard, "boilerplate and conclusory allegations will not suffice."  Id.

Here, Unique Vacations essentially tries to transform its breach of contract claim into fraud claims by alleging that Platform-A not only failed to meet its contractual obligations, but that it never intended to perform in the first place.[3] However, Unique Vacations pleads no facts to support these bald assertions. Its conclusory allegations are insufficient to satisfy the heightened pleading requirements of Rule 9(b). Id. Accordingly, we will grant Platform-A's motion to dismiss with regard to Unique Vacations' Count I counterclaim of fraudulent inducement and Count II counterclaim of negligent misrepresentation.

---

3. In its Amended Counterclaims, Unique Vacations alleges that Platform-A "had no intention of acting in conformance with its promises and representations regarding its search engine management services" and that its representations to the contrary "were false." (Am. Counterclaims ¶ 64-66, 75-76.)